[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the commissioner of motor vehicles ordering suspension of the plaintiff's motor vehicle operator's license. The basis of the commissioner's decision was the plaintiff's refusal to consent to a chemical blood alcohol test after his arrest for operating under the CT Page 8073 influence of alcohol, as provided in C.G.S. 14-227b. Since the plaintiff was arrested on July 9, 1989, this appeal is governed by the version of the statute which was in effect prior to January 1, 1990, when it was amended by Public Act 89-314.
Section 14-227b(a) provides that "any person who operates a motor vehicle in this state shall be deemed to have given his consent to a chemical analysis of his blood, breath or urine . . . ." If the individual refuses to submit to a test, the commissioner must suspend his operator's license. Subsection (f) of section 14-227b provides that any person whose license has been suspended is entitled to a hearing, and the hearing is limited to four issues:
 (1) Did the police officer have probable cause to arrest the person for operating a motor vehicle while under the influence of intoxicating liquor?
(2) Was such person placed under arrest?
(3) Did such person refuse to submit to the test?
(4) Was such person operating the motor vehicle?
The statute further provides that after the hearing the commissioner shall reinstate the operator's license if any of the issues are found in the negative. Following the hearing in this case, the commissioner found all of the issues in the affirmative.
There is no dispute that the plaintiff refused the test nor that the other findings were correct. The sole issue in this case, as specifically limited by counsel for the plaintiff at oral argument to the court, is whether the failure of the police to give the plaintiff a reasonable opportunity to telephone an attorney prior to the performance of the chemical test nullifies the refusal to take the test as a basis for suspending the plaintiff's license.
The decision of the commissioner, by his hearing officer, does not indicate whether he found that the police in fact failed to provide the plaintiff a reasonable opportunity to telephone his attorney before attempting to administer the test. The court has examined the record, however, and concludes that there was not sufficient evidence for the hearing officer to have found that the police gave the plaintiff an opportunity first to call his lawyer. Rather, the evidence, in particular the testimony of the police office who CT Page 8074 arrested the plaintiff, indicates that the police wanted to administer the test first and allow the plaintiff to use the telephone afterwards. Record No. 4, Transcript of Admin. Hearing, p. 7.
Subsections (b) and (c) of C.G.S. 14-227b set forth in detail the procedures that the police are required to follow in administering chemical blood alcohol tests and in reporting the results of those tests or the refusal of an individual to consent to a test. One of those requirements which was contained in the statute which was in effect when the plaintiff was arrested was that the police afford the accused "a reasonable opportunity to telephone an attorney prior to the performance of [the] test." The plaintiff argues that the failure of the police to comply with this clear requirement deprives the commissioner of the power to suspend the plaintiff's license on account of his refusal to be tested. This contention cannot be sustained. In Volck v. Muzio,204 Conn. 507, 516 (1987), the court held that "the legislature has manifested its intention that noncompliance with subsection (b), not involving one of the four issues to be determined pursuant to subsection (d)[1], does not preclude the suspension of the license of a driver who refuses to submit to a blood, breath or urine test."
The plaintiff argues that the holding in Volck v. Muzio, supra, is not controlling here because the statute which was applicable in that case did not contain the specific requirement concerning the opportunity to telephone an attorney. The statute was subsequently amended, by Public Act 85-596, to add the requirement, and it was in effect when the plaintiff was arrested. Although the plaintiff's recitation of the legislative history of C.G.S. 14-227b(b) is accurate, the change in subsection (b) does not alter the continuing vitality of the holding in Volck v. Muzio, supra. The effect of that decision was to limit the administrative hearing and decision strictly to a consideration of the four issues set forth in C.G.S. 14-227b(f). The "failure [of the police] to comply precisely with the requirements of subsection (b) should not prevent suspension of the license of a person . . . who has refused to submit to the prescribed tests." Id., p. 514. That rule continues to apply, notwithstanding the fact that subsection (b) now contains a requirement which was absent when Volck v. Muzio was decided. So long as there is sufficient evidence to support an affirmative finding by the commissioner on the four issues set forth in subsection (f), his decision to suspend a person's license is unaffected by the failure of the police to comply with the requirements of subsections (b) and (c). CT Page 8075
Applying the rule of Volck v. Muzio, supra, to the circumstances of this case, the court concludes that the plaintiff's appeal may not be sustained. The plaintiff conceded the factual basis for the commissioner's findings on the four issues to be determined by him. The commissioner was, therefore, required to suspend the plaintiff's license. The appeal is dismissed.
MALONEY, J.